
USDC- GREENBELT
'22 FEB 10 PM3:14

KOH

DJD/WDM/PDK: USAO 2021R00525

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  CRIMINAL NO. TDC22CR48 |
| | * |
| THADDEUS LAMONT WILLS, | *  (Interference with Interstate |
| KEIONTA SHAWN HAGENS, and | *  Commerce by Robbery, 18 U.S.C. |
| QUASEAN MARKUAL REEVES, | *  § 1951(a); Use, Carry, and Brandish a |
| | *  Firearm During and in Relation to a |
| Defendants | *  Crime of Violence, 18 U.S.C. |
| | *  § 924(c)(1)(A); Carjacking, 18 U.S.C. |
| | *  § 2119; Forfeiture, 18 U.S.C. §§ 924(d) |
| | *  and 981(a)(1)(C), 18 U.S.C. § 982(a)(5), |
| | *  21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * |

*******

## INDICTMENT

### COUNT ONE
(Interference with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland charges that:

#### Introduction

1.   At all times relevant to this Indictment, Business 1 was a bar and retail business located in La Plata, Maryland and conducted business in and affecting interstate commerce in ways including the sale of items produced and manufactured outside the State of Maryland.

## The Charge

2. On or about November 17, 2020, at approximately 3:20 p.m., in the District of Maryland, the defendants,

**THADDEUS LAMONT WILLS and
KEIONTA SHAWN HAGENS**,

did knowingly and unlawfully obstruct, delay, and affect commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendants did unlawfully take and obtain property—that is, business proceeds and business inventory—from the person and in the presence of an employee of Business 1, by means of actual and threatened force, violence, and fear of injury, immediate and future, to said employee.

18 U.S.C. § 1951(a)

## COUNT TWO
### (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about November 17, 2020, in the District of Maryland, the defendants,

**THADDEUS LAMONT WILLS and
KEIONTA SHAWN HAGENS**,

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count One of this Indictment and incorporated here.

18 U.S.C. § 924(c)

## COUNT THREE
### (Carjacking)

The Grand Jury for the District of Maryland further charges that:

On or about January 6, 2021, in the District of Maryland, the defendant,

**THADDEUS LAMONT WILLS and
QUASEAN MARKUAL REEVES,**

with the intent to cause death and serious bodily harm, did by force, violence, and intimidation, take from the person and presence of Victim 1, a motor vehicle that had been transported, shipped, and received in interstate commerce, that is a 2008 Honda Pilot.

18 U.S.C. § 2119

## COUNT FOUR
**(Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about January 6, 2021, in the District of Maryland, the defendants,

**THADDEUS LAMONT WILLS and
QUASEAN MARKUAL REEVES,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, carjacking, in violation of 18 U.S.C. § 2119, as set forth in Count Three of this Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d), 981(a)(1)(C), and 982(a)(5), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions of any of the offenses set forth in Counts One, Two, Three, and Four of this Indictment.

### Robbery Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendants,

**THADDEUS LAMONT WILLS and
KEIONTA SHAWN HAGENS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

### Carjacking Forfeiture

3. Upon conviction of the offense set forth in Count Three of this Indictment, the defendants,

**THADDEUS LAMONT WILLS and
QUASEAN MARKUAL REEVES,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offense.

### Firearms and Ammunition Forfeiture

4.      Upon conviction of the offenses alleged in Counts One, Two, Three, and Four of this Indictment, and incorporated here, the defendants,

**THADDEUS LAMONT WILLS,
KEIONTA SHAWN HAGENS, and
QUASEAN MARKUAL REEVES,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses.

### Substitute Assets

5.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

       a.    cannot be located upon the exercise of due diligence;

       b.    has been transferred or sold to, or deposited with, a third person;

       c.    has been placed beyond the jurisdiction of the Court;

       d.    has been substantially diminished in value; or,

       e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(5) and (b)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*[signature]*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 10 FEB 2022