IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC 22-48 |
| | * | |
| THADDEUS LAMONT WILLS, | * | |
| KEIONTA SHAWN HAGENS, and | * | |
| QUASEAN MARKUAL REEVES, | * | |
| | * | |
| Defendants | * | |
| | * | |
| ******* | | |

## RESPONSE OF THE UNITED STATES IN OPPOSITION TO DEFENDANT WILLS' MOTION TO SUPPRESS FRUITS OF UNLAWFUL ARREST (ECF 128)

The United States, by its undersigned counsel, files this response in opposition to the motion of defendant Thaddeus Lamont Wills to suppress evidence obtained after Wills' arrest on January 19, 2021. (ECF 128).   When the defendant was taken into custody in Charles County, Maryland, there were outstanding arrest warrants for him in neighboring Prince William County, Virginia for robbery related felony offenses. Thus, any argument that the defendant was arrested unlawfully is without merit.

### I.   PROCEDURAL BACKGROUND

On January 18, 2021, Officer Mendoza with the Prince William County, Virginia, Police Department filed a criminal complaint against the defendant Wills, with the General District Court for Prince William County, Virginia.   As a result, numerous arrest warrants were issued against Wills on the same date for eight robbery related crimes.   The crimes charged were in relation to an armed robbery of a Sheetz convenience store in Woodbridge, Virginia that occurred on January 7, 2021.

1

On January 19, 2018, Wills appeared for a violation of probation hearing before the Circuit Court for Charles County, Maryland. Detective Gregory with the Charles County Sheriff's Office was familiar with Wills, was aware of the Prince William County arrest warrants, and that Wills had appeared for the probation violation hearing. Wills was taken into lawful custody and was transported to the Charles County Sheriff's Office for questioning. Thereafter, he was charged as a fugitive under Maryland Criminal Procedure Article 9-113.

By ECF 128, the defendant is contesting being taken into custody. By other motions, he has moved to suppress evidence obtained after he was taken into custody. In this case, defense counsel requested copies of the Prince William County arrest documents and the Government had some initial difficulty obtaining these documents. These documents were provided in a discovery production file shared with defense counsel on November 24, 2022. The documents can be produced to the Court if necessary.

II.   **CONCLUSION**

By the production of the Prince William County arrest documents, Government counsel believes that defense motion ECF 128 can be denied as moot, as it is clear that the defendant was lawfully taken into custody on January 19, 2021 in Charles County, Maryland, as a result of the outstanding Virginia arrest warrants.

Respectfully submitted,

Erek L. Barron
United States Attorney
District of Maryland

By: _____
William D. Moomau
Assistant United States Attorney

Patrick B. Kibbe<br>
Special Assistant United States Attorney<br>
United States Attorney's Office<br>
District of Maryland

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of December, 2022, the foregoing response was filed electronically and thus served upon defense counsel.

_____<br>
William D. Moomau<br>
Assistant United States Attorney